**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **BILLY I. CONE, SR., as Administrator of the Estate of Linda D. Cone, deceased, and BILLY I. CONE, SR., BILLY I. CONE, JR., ANGELA CONE, and ANGELA CONE as the Natural Guardian of AC, a Minor,** | |
| Plaintiffs, | |
| v. | Civil Action No. 7:12-cv-29 (HL) |
| **WALMART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, METROPOLITAN LIFE INSURANCE COMPANY, as the Administrator of the Employee Benefit Plan for Wal-Mart Stores, Inc., and METROPOLITAN LIFE INSURANCE COMPANY,** | |
| Defendants. | |

**ORDER**

Before the Court is Defendant Walmart Stores, Inc. Associates' Health and Welfare Plan's ("Defendant Plan") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 6-1), as well as Plaintiffs' Motions to Amend (Docs. 18, 20) and Plaintiffs' Motion for Joinder (Doc. 22). These Motions are discussed in turn below.

I.   **Motion to Dismiss, or in the Alternative, Motion for Summary Judgment**

When reviewing a Motion to Dismiss, the court's review is "limited to the four corners of the complaint." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949,

959 (11th Cir. 2009) (citing St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002)). "A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." Id.

In this case, the Court has found that a Motion to Dismiss is not appropriate. Defendant Plan has attached two exhibits to its Motion (Docs. 6-2, 6-3), which indicates that the Motion cannot be considered as a Motion to Dismiss. The Plaintiffs evidently did not interpret the Motion as a Motion to Dismiss because they submitted additional exhibits along with their response. (Doc. 17-1.) The submission of this additional evidence by both parties means that the Motion cannot be considered as a proper Motion to Dismiss, and therefore, the Motion to Dismiss is denied.

As for the Motion for Summary Judgment, the Court finds that the Motion does not conform to the procedural standards for a summary judgment motion. Federal Rule of Civil Procedure 56, as well as Local Rule 56, requires a statement of material facts to be submitted to the Court with a motion for summary judgment. Local Rule 56 states that the moving party in a motion for summary judgment "shall attach to the motion a separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." In this case, Defendant Plan did not submit the requisite statement of material facts. For lack of procedural compliance, the Court denies Defendant Plan's Motion for Summary Judgment. The Court orders Defendant Plan to replead the arguments in this Motion in proper summary judgment form. When

the Motion is properly submitted in the correct form, Defendant Plan's substantive arguments will be evaluated.

The Court's denial of the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment resolves the pending Motion and lifts the current stay on the case. The amended deadlines for this case are as follows:

Discovery shall now expire on November 29, 2012. Plaintiffs must disclose the identity of any expert witnesses on or before August 27, 2012, that being no more than 90 days after discovery begins. Defendants must disclose the identity of any expert witnesses on or before September 26, 2012, that being no more than 120 days after discovery begins. If defendant designates an expert where the plaintiff has not previously designated an expert, the plaintiff shall have 30 days form the designation of the defendant's expert within which to designate a rebuttal witness. Any supplemental expert reports must be provided to the opposing counsel on or before November 5, 2012, that being no more than 160 days after discovery begins.

All motions to join other parties or to otherwise amend the pleadings shall be filed on or before December 28, 2012, that being no more than 30 days after the expiration of discovery in this case. All dispositive motions shall be filed on or before January 14, 2013, that being no more than 45 days after the expiration of discovery in this case. All Daubert motions must be filed on or before December 28, 2012, that being no more than 30 days after the expiration of discovery in this

case. The parties are instructed not to file <u>Daubert</u> motions as part of dispositive motions.

## II. **Motions to Amend/Correct**

Plaintiffs filed two Motions to Amend/Correct the Complaint on April 19, 2012. (Doc. 18, Doc. 20.) Plaintiffs filed these Motions requesting to add claims for a breach of fiduciary duty against Defendant MetLife (Doc. 18) and Defendant Plan (Doc. 20). Defendant Plan has filed a response, but Defendant MetLife has yet to respond. Based on the similar arguments contained in the Motions, the Court finds it necessary for MetLife to respond to the Motion to Amend before making a ruling as to either Defendant. Thus, the Court orders Defendant MetLife to file a response to Plaintiffs' Motion to Amend (Doc. 18) no later than June 19, 2012. Plaintiffs will then have an opportunity to respond. After a response is filed by Defendant MetLife and Plaintiffs are given the chance to respond, the Court will evaluate the Motions and issue a ruling.

## III. **Motion for Joinder**

Plaintiffs have also filed a Motion for Joinder, requesting that Walmart Stores, Inc. ("Walmart") be added as a Defendant under Federal Rules of Civil Procedure 20 and 21. Walmart was originally named as a defendant to this action, but was dismissed pursuant to a Joint Motion to Substitute Defendant Walmart Stores, Inc. Associates' Health and Welfare Plan. (Doc. 7.) At that time, the parties agreed that Walmart was incorrectly named as a defendant and Defendant Plan should be substituted for Walmart. Now, Plaintiffs contend that

Walmart should be added back into the lawsuit because Walmart, not Defendant Plan, is actually the plan administrator.

The identity of the plan administrator is important in this case because Plaintiffs have filed a claim for statutory penalties under 29 U.S.C. § 1132(c). Section 1132(c) provides for penalties against a plan administrator if the administrator fails to supply requested information to ERISA participants within a certain period of time. Thus, the identity of the plan administrator is central to the outcome of the claim under § 1132(c).

> Under ERISA, the plan administrator is defined as:
>
> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
>
> (ii) if an administrator is not so designated, the plan sponsor; or
>
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). Plaintiffs argue that no person or entity is specifically designated by the terms of the instrument as the plan administrator, and thus, according to § 1002(16)(A)(ii), Walmart should be designated as the plan administrator because Walmart is the plan sponsor.

The Court is unconvinced by Plaintiffs' argument for two reasons. First, Plaintiffs' contention that the plan administrator is not named in the policy is unsupported in the record. The policy to which Plaintiffs refer has not been filed with the Court, and thus, the Court is unable to verify Plaintiffs' argument.

Second, the Court disagrees with Plaintiffs that the identity of the plan administrator is unaddressed in the plan instrument.

According to § 1002, the plan administrator must be named in "the terms of the instrument under which the plan is operated." Plaintiffs contend that this phrase refers only to the formal policy issued to plan participants. However, the Court finds that the plan instrument includes more than the formal policy. Without explicitly naming all of the documents that should be considered part of the plan instrument, it is sufficient to say in this case that the Summary Plan Description ("SPD"), a document required under ERISA that informs plan participants of their rights and obligations in an easily understandable way, should be considered part of the plan instrument.[1]

The Eleventh Circuit has recognized that a SPD is a vital part of the ERISA framework. "As this Court has acknowledged, the SPD is a critical feature of the ERISA regulatory scheme because it 'simplif[ies]a and explain[s] a voluminous and complex document' to plan participants and beneficiaries." Heffner v. Blue Cross and Blue Shield of Alabama, Inc., 443 F.3d 1330, 1341-42 (11th Cir. 2006) (citing McKnight v. So. Life and Health Ins. Co., 758 F.2d 1566, 1570 (11th Cir. 1985)). The Eleventh Circuit has also recognized that "where a plan participant or beneficiary relies on a provision in the SPD that conflicts with the plan, he or she may enforce the terms of the SPD over the terms of the plan." Id.

---

[1] For a full definition of a summary plan description under ERISA, as well as a list of information that is required to be included in the summary plan description, see 29 U.S.C. § 1022.

Other courts have acknowledged the importance of a SPD, recognizing that a SPD can dictate the plan administrator for purposes of a statutory claim for penalties under § 1132(c). *See* <u>Castro v. Hartford Life and Acc. Ins. Co.</u>, No. 5:11-cv-446-Oc-34TBS, 2011 WL 4889174 at *6 (M.D. Fla. Oct. 14, 2011) (finding that the entity listed in the SPD as the plan administrator was the administrator for purposes of §1132(c)); <u>Kennedy v. Metropolitan Life Ins. Co.</u>, 357 F. Supp. 2d 1346, 1349 (M.D. Fla. 2005) (determining that the party named in the SPD was the plan administrator under § 1132(c) and declining to add an additional defendant).

In this case, the SPD identifies the plan administrator as the "Walmart Administrative Committee Associates' Health and Welfare Plan." (Doc. 6-3, p. 5.) The Court finds no reason to dispute this designation and considers this to be a valid part of the plan instrument. Thus, Defendant Plan is the plan administrator for purposes of § 1132(c), and there is no reason for Walmart to be added to this lawsuit. Plaintiffs' Motion for Joinder is denied.[2]

IV. **Conclusion**

In sum, the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 6-1) is denied. Defendant Plan is ordered to refile the Motion as a proper Motion for Summary Judgment if its substantive arguments are to be

---

[2] In their Response, Defendant Plan makes an argument about attorneys' fees under 29 U.S.C. § 1132(g)(1). The Court does not find it necessary to undertake the issue of attorneys' fees at this time, and declines to address Defendant Plan's argument.

evaluated. The deadlines as set out above in Section I shall apply to the refiling of this Motion and shall not be extended absent extenuating circumstances. As to the Motions to Amend (Docs. 18, 20), Defendant MetLife is ordered to respond by June 19, 2012 so that the Court can fully evaluate the Motions as applied to both Defendant MetLife and Defendant Plan. Finally, as to the Motion for Joinder (Doc. 22), the Motion is denied. Walmart shall not be added as a Defendant in this case.

**SO ORDERED**, this 30th day of May, 2012.

**_s/Hugh Lawson_**
HUGH LAWSON, SENIOR JUDGE

ebr